UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON CORTNEY NEVELS,<br>Petitioner,<br>v.<br>KEN CLARK,<br>Respondent. | Case No. 21-cv-01301-RMI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 1 |

Petitioner, a state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also filed a motion to proceed *in forma pauperis* and consented to the jurisdiction of a Magistrate Judge. (dkts. 1, 2).

## BACKGROUND

Petitioner was convicted of voluntary manslaughter in 2014. *See* Pet. (dkt. 1) at 2. He states that he did not appeal the conviction. *Id*. at 3. Thereafter, he filed a habeas petition with the Superior Court of Alameda County on December 30, 2019, that was denied on February 28, 2020. *Id*. at 3-4.

## DISCUSSION

### STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court

must "specify all the grounds for relief available to the petitioner . . . [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. Notice pleading is not sufficient, the petition is expected to state facts that point to a real possibility of constitutional error. *See* Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

Petitioner sole claim seeks to vacate, modify or strike his restitution pursuant to a new state bill that he states has become law.

Section 2254(a) uses the term "in custody" twice, with two different requirements. *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010). The first usage (i.e., that the petition be filed "in behalf of a person in custody") requires that there be a restraint on the petitioner's liberty. *Id*. at 978-79. The second usage (i.e., that the application can be entertained "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States") requires "a nexus between the petitioner's claim and the unlawful nature of the custody." *Id*. at 979-80. For the second requirement to be satisfied, success on the claim must result in a change in the restraint on the petitioner's liberty. *Id*. at 980.

Petitioner's claim which only challenges the restitution component of his sentence, fails to satisfy the second custody requirement because success on the claim might cause the restitution fine to be set aside but would not affect any restraint on his liberty. *See id*. at 980-81 (imprisoned petitioner failed to satisfy custody requirement for his petition challenging only the restitution component of his sentence because the "elimination or alteration of a money judgment, does not directly impact—and is not directed at the source of the restraint on—his liberty" as long as he has to serve the rest of his prison sentence in the same manner). Petitioner cannot proceed with this claim.

In addition, this action appears untimely and unexhausted. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which:  (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by

2

unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Prisoners in state custody who wish to collaterally challenge, in federal habeas proceedings, either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through state-court collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).

Petitioner was convicted in 2014. This case appears to have been filed many years after the expiration of the one-year statute of limitations. Assuming this case was timely, Petitioner states that he only filed a state habeas petition with the Superior Court of Alameda County. Petitioner can only exhaust his claim by presenting it to the California Supreme Court. The petition is dismissed with leave to amend to address all of these deficiencies.

## CONCLUSION

1. Leave to proceed *in forma pauperis* (Docket No. 1) is **GRANTED**.

2. The petition is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended petition must be filed within **twenty-eight (28) days** of the date this order is served and must include the caption and civil case number used in this order and the words **AMENDED PETITION** on the first page. Failure to amend within the designated time will result in the dismissal of these claims.

3. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

//

//

**IT IS SO ORDERED.**

Dated: March 30, 2021

_____
ROBERT M. ILLMAN
United States Magistrate Judge