UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON CORTNEY NEVELS,<br><br>    Petitioner,<br><br>    v.<br><br>KEN CLARK,<br><br>    Respondent. | Case No.  21-01301 BLF (PR)<br><br>**ORDER OF DISMISSAL; DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to vacate, modify, or strike his restitution pursuant to a new state bill. Dkt. No. 1.  The matter was transferred to this district and assigned to the Honorable Magistrate Judge Robert M. Illman. Dkt. No. 4.  Judge Illman dismissed the action with leave to amend for Petitioner to address several deficiencies in the petition.  Dkt. No. 8.  Petitioner filed an amended petition.  Dkt. No. 13.  The matter was then reassigned to the Undersigned.  Dkts. No. 15, 16.

**BACKGROUND**

According to the amended petition, Petitioner was convicted in Alameda County Superior Court of voluntary manslaughter and use of a firearm in August 2014, and

sentenced to 21 years to sate prison.  Dkt. No. 13 at 2.  Petitioner seeks to strike the restitution imposed pursuant to a new state legislation, "Senate Bill 824 & Assembly Bill 1869," and based on his inability to pay under state law.  *Id.* at 3-4.

For the reasons discussed below, this action must be dismissed.

## DISCUSSION

### A.  Custody

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted unless it appears from the application that the applicant or person detained is not entitled thereto."  *Id.* § 2243.

Section 2254(a) uses the term "in custody" twice, with two different requirements. *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010).  The first usage (i.e., that the petition be filed "'in behalf of a person in custody'") requires that there be a restraint on the petitioner's liberty.  *Id.* at 978-79.  The second usage (i.e., that the application can be entertained "'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States'") requires "a nexus between the petitioner's claim and the unlawful nature of the custody."  *Id.* at 979-80.  For the second requirement to be satisfied, success on the claim must result in a change in the restraint on the petitioner's liberty.  *See id.* at 980 (second custody requirement not satisfied for claim that counsel was ineffective in not objecting to restitution order because success might cause money award to be set aside but would not affect any restraint on petitioner's liberty).

In screening the original petition, Judge Illman advised Petitioner that the challenge to the restitution component of his sentence "fails to satisfy the second custody requirement because success on the claim might cause the restitution fine to be set aside but would not affect any restraint on his liberty." Dkt. No. 8 at 2, citing *Bailey*, 599 F.3d

2

at 980-81 (imprisoned petitioner failed to satisfy custody requirement for his petition challenging only the restitution component of his sentence because the "elimination or alteration of a money judgment, does not directly impact – and is not directed at the source of the restraint on – his liberty" as long as he has to serve the rest of his prison sentence in the same manner).  Petitioner has presented the same restitution claim from his original petition in the instant amended petition.  As he was already advised, Petitioner cannot proceed with this claim.

Because Petitioner fails to satisfy the "in custody" requirement, there is no habeas jurisdiction present over this matter.  The instant petition must be dismissed for lack of jurisdiction.  *See* 28 U.S.C. §§ 2241(c), 2254(a).

**B.     Timeliness and Exhaustion**

Petitioner was also advised that the action appeared untimely because it was filed many years after the expiration of the one-year statute of limitations following his 2014 conviction.  Dkt. No. 8 at 2-3; *see* 28 U.S.C. § 2244(d)(1).  The petition also appeared to be unexhausted because Petitioner did not present the highest state court available with a fair opportunity to rule on the merits of each and every claim he sought to raise in federal court; he petition indicated that he only filed a state habeas petition with the Superior Court of Alameda County.  *Id.*; *see* 28 U.S.C. § 2244(b),(c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).  Petitioner was directed to address these deficiencies in an amended petition.  Dkt. No. 8 at 3.  Petitioner has failed to address either of these issues in the amended petition.  Dkt. No. 13.  Accordingly, it appears that the action is subject to dismissal as untimely and unexhausted.

## CONCLUSION

For the foregoing reasons, this habeas action is **DISMISSED** for lack of jurisdiction, as well as for being untimely and unexhausted.

No certificate of appealability is warranted in this case because a reasonable jurist would not find the dismissal of this petition debatable or wrong.  *Slack v. McDaniel*, 529

1 | U.S. 473, 484 (2000).

**IT IS SO ORDERED**.

Dated:    September 20, 2021

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
P:\PRO-SE\BLF\HC.21\01301Nevels_dism(custody)